AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Massachusetts |
|---|---|
| Name (under which you were convicted): Owen McCants | Docket or Case No.: |
| Place of Confinement: MCI-Norfolk | Prisoner No.: W80333 |
| Petitioner (include the name under which you were convicted) Owen McCants | v. Respondent (authorized person having custody of petitioner) Nelson Alves |
| The Attorney General of the State of: Maura Healy | |

FILED IN CLERKS OFFICE 2020 AUG 31 AM 11:38 U.S. DISTRICT COURT DISTRICT OF MASS.

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Suffolk County Superior Court
   Three Pemberton Square
   Boston, MA  02108

   (b) Criminal docket or case number (if you know): Nos. 7484CR80327; 28; 30; 31

2. (a) Date of the judgment of conviction (if you know): May 1, 1974

   (b) Date of sentencing: May 2, 1974

3. Length of sentence: Four (4) concurrent 3-5 years

4. In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Two (2) counts Unarmed Robbery (G.L. c. 265, s.19(b));
   Two (2) counts Unnatural Acts (G.L. c. 272, s.35).

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty   ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty       ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

  ☒ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

  ☐ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

  ☐ Yes    ☒ No *See (attached) Appendix 1.*

9. If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

  If yes, answer the following:

  (1) Name of court: _____

  (2) Docket or case number (if you know): _____

  (3) Result: _____

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): _____

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: _____

  (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☐ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____

    (2) Result: _____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a) (1) Name of court: *Suffolk County Superior Court*

    (2) Docket or case number (if you know): *Nos. 7484CR80327; 28; 30; 31*

    (3) Date of filing (if you know): *May 7, 2014*

    (4) Nature of the proceeding: *Motion to Vacate Conviction and Enter New Judgment Pursuant to Mass. R. Crim. P. 30(a) and 30(b).*

    (5) Grounds raised: *See Appendix 2.*

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes ☒ No

    (7) Result: _____

Page 4 of 16

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _Suffolk County Superior Court_

(2) Docket or case number (if you know): _No. 7484CR80327_

(3) Date of filing (if you know): _January 18, 2019_

(4) Nature of the proceeding: _Motion for Postconviction Relief (Pursuant to Mass. R. Crim. P. 30(a) and 30(b)._

(5) Grounds raised:

_See Appendix 3_

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _Suffolk County Superior Court_

(2) Docket or case number (if you know): _No. 7484CR80327_

(3) Date of filing (if you know): _March 28, 2019_

(4) Nature of the proceeding: _Motion for Postconviction Relief (Pursuant to Mass. R. Crim. P. 30(a) and 30(b)._

(5) Grounds raised:

_See Appendix 4_

AO 241 (Rev. 09/17)

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☒ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☒ Yes    ☐ No    *See Appendix 5*

    (2) Second petition:    ☒ Yes    ☐ No    *See Appendix 6*

    (3) Third petition:    ☒ Yes    ☐ No    *See Appendix 6, p. 2/2*

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** *Appendix 2*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Pretrial facts, unskewed, convey insufficient evidence of required elements of governing statute (G.L. c. 265, s. 19(b)) to support charges of unarmed robbery — which postconviction motion court and Appeals Court erroneously characterized as "armed robbery" in rendering their affirmations of Petitioner's conviction.*

*The pretrial facts do convey sufficient evidence warranting indictments charging Larceny under $100.00.*

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

AO 241 (Rev. 09/17)

(c) Direct Appeal of Ground One: *Appeal of denial of Motion to Vacate Conviction...*

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Motion to Vacate Conviction and Enter New Judgment Pursuant to Mass. R. Crim. P. 30(a) and 30(b).*

Name and location of the court where the motion or petition was filed: *Suffolk County Superior Court*

Docket or case number (if you know): *No. 7484CR80327*

Date of the court's decision: *February 7, 2017*

Result (attach a copy of the court's opinion or order, if available): *Denied. Appendix 7. See, moreover, attached addendum.*

(3) Did you receive a hearing on your motion or petition? *Status only*   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Massachusetts Appeals Court*

Docket or case number (if you know): *No. 2017-P-0262*

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): *Judgment affirmed. Appendix 8*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _See Appendixes 9 and 10._

GROUND TWO: _Appendix 2_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Case defense was based on consent with respect to all sexual activities. The jury heard instructions on consent regarding charge of rape, and acquitted Petitioner of the charge. However, the jury received no such instructions regarding charge of unnatural and lascivious acts — which Petitioner argued also warranted instructions, and whose statute's elements the First Circuit Court of Appeals, in Balthazar v. Superior Court of Com. of Mass., 573 F.2d 698, 702 (1978), determined were unconstitutionally vague at the time of his indictments._

(b) If you did not exhaust your state remedies on Ground Two, explain why: 

(c) Direct Appeal of Ground Two: _Appeal of denial of Motion to Vacate Conviction..._

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: 

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question-(d)(1) is "Yes," state:

Type of motion or petition: _Motion to Vacate Conviction and Enter New Judgment Pursuant to Mass. R. Crim. P. 30(a) and 30(b)._
Name and location of the court where the motion or petition was filed:

_Suffolk County Superior Court_

Docket or case number (if you know): _No. 7484CR80327_

Date of the court's decision: _February 7, 2017_

Result (attach a copy of the court's opinion or order, if available): _Denied_

_Appendix 7_

(3) Did you receive a hearing on your motion or petition?   _Status only_   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Massachusetts Appeals Court_

Docket or case number (if you know): _No. 2017-P-0262_

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _Judgment affirmed_

_Appendix 8_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _See Appendixes 9 and 10_

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why: _____

   _____

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☐ Yes    ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No
   (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No
   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No
   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____
_____
_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____
_____
_____

**GROUND FOUR:** _____
_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____
_____
_____
_____
_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____
_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes  ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Unknown_

(b) At arraignment and plea: _Mr. Richard C. Young_

(c) At trial: _Mr. Richard C. Young_

(d) At sentencing: _Mr. Richard C. Young_

(e) On appeal: _Ms. Margaret M. McGaughey_

(f) In any post-conviction proceeding: _No one_

(g) On appeal from any ruling against you in a post-conviction proceeding: _No one_

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No   _But under restraint imposed by G.L. c. 279, § 25_

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_Here, since trial counsel neglected to file a Notice of Appeal and appellate counsel failed to perfect a direct appeal — crucial omissions unbeknownst to the Petitioner until 2013 — Petitioner's pro se (May 7, 2014) Motion to Vacate Conviction and Enter New Judgment Pursuant to Mass. R. Crim. P. 30(a) and 30(b), treated as equivalence of an unfiled direct appeal, was, therefore, Petitioner's_

Page 14 of 16

first opportunity, and one of right, to file for relief: "The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done." Mass. R. Crim. P. 30(b).

Furthermore, pursuant to Mass. Gen. Laws c. 279, s 25, the contested conviction (No. 7484CR80327) was used to enhance the Petitioner current case sentence.

Overall, prejudicial collateral – denials of due process – consequences flowing from an unresolved former case rendering Petitioner's habeas petition a live matter:

See North Carolina v. Rice, 404 U.S. 244, 247 (1971)(a convicted defendant has standing to challenge the legality of his sentence even when the sentence has been served); Broughton v. North Carolina, 717 F.2d 147, 149 (1983)(where criminal conviction may result in an enhanced sentence should the petitioner later be convicted of a later crime, her stake in habeas relief permits the court to exercise its judicial function long after she has been freed); Evitts v. Lucey, 469 U.S. 387, 391 n. 4 (1985)(if the petitioner can demonstrate the existence of some collateral consequences flowing from the conviction or custody, the habeas petition is not moot and the proceeding may continue); and In D.S.A. v. Circuit Court Branch 1, 942 F.2d 1143, 1145-1146 (7th Cir. 1991)(a criminal record that might affect a later sentence is a sufficient collateral consequence to save an appeal from mootness).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _See (attached) Addendum_

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _August 24, 2020_ (month, date, year).

Executed (signed) on _____ (date).

_Owen McCants_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

*Addendum*

Re: Relief.

In accordance with this Court's applicable ruling in <u>Balthazar v. Superior Court</u>, 428 F. Supp. 425 (D. Mass. 1977),

> "that Mass. Gen. Laws ch. 272, § 35 was void for vagueness at the time it was applied to petitioner's conduct, in that it did not give the petitioner fair warning that his conduct was statutorily prohibited." id. at 427,

and (confirmation) ruling in the First Circuit Court of Appeals' case of <u>Balthazar v. Superior Court of Com. of Mass.</u>, 573 F.2d 698, 702 (1978) that

> "In light of the fact that the language of the statute at the time of petitioner's conduct had no well defined, well understood and generally accepted meaning, and that it had not been defined with sufficient particularity by judicial construction or applied to petitioner's conduct, we held Mass. Gen. Laws ch. 272, s 35 vague as applied,"

Petitioner request that this Honorable Court, in accord with due process, issue him a writ of habeas corpus. Relief consistent with the Court's remedy in <u>Balthazar</u>, supra — who, similar to the Petitioner, was indicted during the time when, this Court found, neither the language of G. L. c. 272, s 35 nor prior decisions sufficiently notified adults that the focused conduct was statutorily prohibited. Vagueness constituting a violation of Petitioner's U.S. Const. Amend. VI rights — which, in relevant part, states: "In all criminal prosecution, the accused shall... be informed of the nature... of the accusation."