United States District Court
District of Massachusetts

```
_____
                            )
Owen McCants,               )
                            )
          Petitioner,       )
                            )
     v.                     )     Civil Action No.
                            )     20-11626-NMG
Nelson Alves,               )
                            )
          Respondent.       )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

This case arises from the pro se petition of Owen McCants ("McCants" or "petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. McCants is currently in state custody in Norfolk, Massachusetts.

## I.   Background

The facts and procedural history of this case are provided in detail in the Report and Recommendation ("R&R") of United States Magistrate Judge M. Page Kelley with which the Court assumes familiarity. Relevant here are McCants' convictions on two counts of "unnatural and lascivious" acts, in violation of M.G.L. c. 272, § 35, and two counts of unarmed robbery, in violation of M.G.L. c. 265, § 19(b), from May, 1974.

Defendant did not appeal those convictions but he did submit a postconviction discovery motion related to them and other convictions in 2014.  The discovery motion was denied in Massachusetts Superior Court for Suffolk County, as was a subsequent motion to reconsider.  The court's denial of the discovery motion was affirmed by the Massachusetts Appeals Court.  Since 2014, McCants has filed three motions for a new trial challenging those convictions, each of which has been denied.

In August, 2020, McCants filed the pending petition for a writ of habeas corpus, challenging his conviction under Balthazar v. Superior Ct. of Com. of Mass., 573 F.2d 698, 700 (1st Cir. 1978) (finding Massachusetts statute prohibiting "unnatural and lascivious acts" unconstitutionally vague as applied).  Respondent Nelson Alves ("Alves" or "respondent") subsequently filed a motion to dismiss, asserting that petitioner's claim was time-barred because: (1) it was not filed within the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), and (2) the circumstances did not warrant equitable tolling.

The motion was referred to Magistrate Judge Kelley.  On July 30, 2021, she entered a R&R recommending that the Court

- 2 -

dismiss the petition as time-barred and decline to issue a certificate of appealability.  The Court accepted and adopted the R&R six weeks later.

One month after the dismissal and well after the expiration of the period during which objections to the R&R were to be filed, however, McCants filed an objection.  Specifically, McCants took issue with the Magistrate Judge's assertion that he had neither alleged nor made a credible showing of actual innocence.  McCants separately notified the Court that he had not received the R&R until he received notification of its adoption by the Court and thus had not had an opportunity to object on time.  The Court will consider the petitioner's objection, notwithstanding the delay.  Respondent has neither replied to petitioner's objection nor filed an objection of his own.

## II.   **Motion to Dismiss**

### A.   **Legal Standard**

When a district court refers a dispositive motion to a magistrate judge for recommended disposition, it must determine de novo any part of the magistrate judge's disposition to which an objection has been properly registered. Fed. R. Civ. P. 72(b)(3).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  Although a court must accept as true all the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**B.    Section 2254 Habeas Petition**

A person in custody pursuant to the judgment of a state court may file an application for a writ of habeas corpus on the grounds that "he is in custody in violation of the Constitution or laws or treaties of the United States". § 2254(a).  The AEDPA provides that such a petition must be brought within one year from the date on which the state court judgment becomes final

either "by the conclusion of direct review or the expiration of the time for seeking such review". § 2244(d)(1)(A).  While a properly filed application for state post-conviction or collateral review tolls the limitations period, those motions for post-conviction relief "cannot revive a time period that has already expired". <u>Cordle</u> v. <u>Guarino</u>, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (quoting <u>Dunker</u> v. <u>Bissonnette</u>, 154 F. Supp. 2d 95, 103 (D. Mass. 2001)); <u>see also</u> § 2244(d)(2).

The one-year limitation period, however, may be tolled under certain circumstances.  First, based upon equitable grounds. <u>See</u> <u>Holland</u> v. <u>Florida</u>, 560 U.S. 631, 645 (2010).  To meet the requirements of equitable tolling, a petitioner bears the burden of establishing that he is entitled to equitable tolling by proving that: (1) "he has been pursuing his rights diligently" and (2) "some extraordinary circumstances stood in his way and prevented timely filing". <u>Id.</u> at 650 (internal quotation omitted); <u>see also</u> <u>Holmes</u> v. <u>Spencer</u>, 822 F.3d 609, 611 (1st Cir. 2016).  Also, "[a]ctual innocence, if proved" may serve:

> as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations.

<u>McQuiggin</u> v. <u>Perkins</u>, 569 U.S. 383, 386 (2013).  A petitioner meets this threshold only if:

> he persuades the district court that, in light of the
> new evidence, no juror, acting reasonably, would have
> voted to find him guilty beyond a reasonable doubt.

Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Application of the equitable tolling doctrine, see Riva v.

Ficco, 615 F.3d 35, 39 (1st Cir. 2010), and "tenable actual-

innocence gateway pleas[,]" are justified only in rare

occasions, McQuiggin, 569 U.S. at 386.

## C. Application

McCants does not rebut the Magistrate Judge's application

of the AEDPA limitation period nor her refusal to apply the

doctrine of equitable tolling.  Rather, the defendant contests

only that his petition is not time-barred because he alleges and

makes a credible showing of actual innocence.  McCants argues

that he is factually innocent because the First Circuit Court of

Appeals' decision in Balthazar, 573 F.2d 698, rendered the

conduct of which he was convicted, specifically fellatio, no

longer criminal as an "unnatural and lascivious" act under

M.G.L. c. 272, § 35.

The First Circuit Court of Appeals has not addressed

whether an intervening change in state law that renders the

conduct of which a petitioner was convicted no longer criminal

can justify the application of the actual-innocence gateway.

The circuit courts that have considered the issue, however, have

affirmed the proposition. <u>See</u> <u>Vosgien</u> v. <u>Persson</u>, 742 F.3d 1131, 1134 (9th Cir. 2014); <u>Phillips</u> v. <u>United States</u>, 734 F.3d 573, 581 n. 8 (6th Cir. 2013).  Even assuming, arguendo, that the Court should apply this exception to AEDPA's one-year limitation period, the defendant has failed to present compelling evidence of his innocence for two reasons.

The first is that the decision in <u>Balthazar</u> does not stand for the broad proposition that the defendant articulates.  In <u>Balthazar</u>, the First Circuit Court of Appeals found that the Commonwealth's prohibition against "unnatural and lascivious" acts was unconstitutionally vague as applied to nonconsensual fellatio and oral-anal contact.  The Court noted, however, that state court decisions had subsequently narrowed the proscribed conduct such that "the statute [is] sufficiently precise to survive a constitutional vagueness attack as applied" to fellatio alone when this conduct does not fall within the broad exception for the private, consensual conduct of adults. <u>Balthazar</u>, 573 F.2d at 702.  A governing statute specifically criminalizing the relevant sexual conduct under certain circumstances is in effect in the Commonwealth.

Moreover, this analysis makes clear that the central issue as to whether an intervening change in the state law renders McCants' conduct no longer criminal is whether the sexual

conduct was consensual.  On this issue, petitioner presents no evidence, new or old.

As such, McCants has failed to demonstrate actual innocence based on relevant changes in the state law that formed the basis of his conviction.  The Court concludes that McCants' petition for writ of habeas corpus is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A) and the actual innocence gateway is inapposite.

### ORDER

For the foregoing reasons, petitioner's objection to the R&R (Docket No. 30) is **OVERRULED**, and petitioner's habeas petition (Docket No. 1) is hereby **DISMISSED**.


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge


Dated November 16, 2021