United States District Court
District of Massachusetts

|   |   |
|---|---|
| Owen McCants, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 20-11626-NMG |
| Nelson Alves, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

On November 16, 2021, this Court dismissed the habeas petition of Owen McCants ("McCants" or "petitioner"). On December 15, 2021, McCants filed a motion seeking a certificate of appealability for that petition. For the following reasons, this Court will issue such a certificate.

**I.   Background**

The facts and procedural history of this case are discussed in detail in the Report and Recommendation (the "R&R") of United States Magistrate Judge M. Page Kelley on McCants' original habeas petition, with which the Court assumes familiarity. In brief, a jury in Massachusetts Superior Court for Suffolk County convicted McCants of two counts of unarmed robbery, in violation of M.G.L. c. 265, § 19(b), and two counts of unnatural and

- 1-

lascivious acts, in violation of M.G.L. c. 272, § 35, in May, 1974. The jury acquitted McCants of two counts of rape. The jury trial arose from events that occurred in December, 1973, when McCants allegedly forced his way into an apartment, restrained two women therein, robbed them and forced them to engage in sexual acts with him, including fellatio. At trial, McCants' defense was consent.

McCants did not appeal those convictions, although he has filed various postconviction motions in recent years. In August, 2020, he filed a petition for a writ of habeas corpus, challenging the convictions under Commonwealth v. Balthazar, 318 N.E.2d 478, 481 (Mass. 1974). In the petition, McCants raised the claim that M.G.L. c. 272, § 35 was unconstitutionally vague at the time he was convicted and his constitutional right to due process was therefore violated when he was convicted under the statute. Respondent Nelson Alves filed a motion to dismiss.

In November, 2021, this Court dismissed McCants' habeas petition after considering his late objections to the R&R submitted by Magistrate Judge Kelley. McCants promptly filed a notice of appeal and moved for a certificate of appealability.

## II. Certificate of Appealability

### A. Legal Standard

Section 2253(c) of Title 28 of the United States Code provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing", a petitioner seeking a COA must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). To meet the standard of debatable-among-jurists-of-reason the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

### B. Application

Massachusetts General Laws chapter 272, section 35 prohibits the commission of "any unnatural and lascivious act with another person." Historically, those words, mirroring the language of many other state and federal statutes, had "a well defined, well understood, and generally accepted meaning." Jaquith v. Com., 120 N.E.2d 189, 192 (Mass. 1954). In

Balthazar, 318 N.E.2d at 481, however, the Supreme Judicial Court ("SJC") found that the statute "must be construed to be inapplicable to private, consensual conduct of adults" in light of both the newly recognized federal constitutional right to be free from government regulation concerning certain sexual conduct and, relatedly, changing mores.  Nevertheless, in Balthazar, the SJC found that the statute was not unconstitutionally vague as applied to the defendant in that case, who had been convicted of, inter alia, nonconsensual fellatio. See Balthazar, 318 N.E.2d at 481.

Balthazar subsequently applied for and received a writ of habeas corpus in federal district court on the basis that his conviction under M.G.L. c. 272, § 35 violated his federal constitutional right to due process. See Balthazar v. Superior Court of Com. of Mass., 428 F. Supp. 425, 434 (D. Mass. 1977), aff'd 573 F.2d. 698 (1st Cir. 1978).  Balthazar successfully argued that he could not be convicted under the statute because he had not been on notice of the statutorily prohibited conduct when he acted in July, 1972. See id.  Although the federal court ruled in favor of Balthazar, it found that after November, 1974, nonconsensual fellatio was clearly prohibited. See id. Specifically, the court cited Commonwealth v. Deschamps, 294 N.E.2d 426 (Mass. App. Ct. 1972), in which the Massachusetts Appeals Court found that fellatio was prohibited under M.G.L. c.

272, § 35 and Balthazar, 318 N.E.2d 478 (Mass. 1974), in which the SJC held the statute excluded sexual conduct between consenting adults.

Here, McCants was convicted in May, 1974, after Deschamps, 294 N.E.2d. 426, but before the SJC's decision in Balthazar, 318 N.E.2d 478. Consequently, McCants had notice that fellatio was statutorily prohibited under M.G.L. c. 272, § 35 but, at the time of his conviction, Massachusetts courts still interpreted that statute to bar certain sexual conduct, such as fellatio, notwithstanding consent. McCants' defense theory at trial was consent and because, post Balthazar, the statute was interpreted to exclude consensual conduct, this Court's decision with respect to the habeas petition turns on whether the ruling in Balthazar applies retroactively to McCants.

When the decision of a court creates a new rule, that rule is applied retroactively to all criminal defendants whose cases are on direct review but not to those undergoing collateral proceedings. See Teague v. Lane, 489 U.S. 288, 303-04 (1989), citing Mackey v. United States, 401 U.S. 667, 675 (1971). A new rule is created if a court's holding is not "dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301. New rules are applied to collateral proceedings only if those rules satisfy one of two

conditions: (1) the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or (2) the rule requires the observance of "procedures that are implicit in the concept of ordered liberty." See id., quoting Mackey, 401 U.S. at 692-93. To determine if a new rule meets the second exception, courts consider whether the procedure implicates the fundamental fairness of the trial by which the defendant was convicted such that "the likelihood of an accurate conviction was seriously diminished." Teague, 489 U.S. at 312-13.

The SJC's decision in Balthazar created a new rule by concluding that the conduct prohibited under M.G.L. c. 272, § 35 did not constitutionally include consensual sexual activity. See Balthazar, 428 F. Supp. at 434.  The question before this Court is therefore whether that new rule satisfies either of the conditions set forth supra because the pending proceeding is collateral. See Teague 489 U.S. at 306, quoting Mackey, 401 U.S. at 682-83.  Reasonable jurists could debate whether the new rule satisfies either condition.  First, the holding in Balthazar likely places consensual sexual activity between adults, the epitome of private individual conduct, "beyond the power of criminal law-making authority[.]" Teague, 401 U.S. at 290 (citation omitted).  Furthermore, reasonable jurists can debate whether the new rule implicates the fundamental fairness of

McCants' trial. See Commonwealth v. Hill, 385 N.E.2d 253, 256 (Mass. 1979) (recognizing that Balthazar's holding was "rooted in constitutional considerations" and granting defendant new trial based on "fundamental fairness").

**ORDER**

Accordingly, petitioner's motion for a certificate of appealability (Docket No. 41) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 7, 2022